ABRAM M. FARWELL, RESPONDENT, *v.* MICHAEL HIBNER, APPELLANT, IMPLEADED WITH WILLIAM P. GUILD.

*Action by indorsee upon promissory note — what not a defense to.*

The complaint alleged that the defendant Hibner made his note to the order of the defendant Guild; that it was by the latter indorsed and delivered, for value and before maturity, to the plaintiff, who was the owner and holder thereof. The answer, without denying any allegation of the complaint, alleged that the note was seized as the property of one Burlingame, in proceedings instituted against him for absconding and leaving a wife and children liable to become chargeable to the town, and that by virtue thereof the property in the said note became, and continued to be vested in, the overseer of the poor of said town.
*Held,* that these facts constituted no defense, the allegation of the complaint being admitted, and that proof thereof was properly rejected.

APPEAL from a judgment in favor of the plaintiff, entered at the Cattauraugus Circuit upon a verdict directed by the court.

*A. G. Rice.* for the appellant.

*Cary & Jewell,* for the respondent.

TALCOTT, P. J.:

This is an appeal from a judgment rendered at the Cattaraugus Circuit.

The action is upon a promissory note which the plaintiff claims as indorsee.

The complaint states the making of the note by the defendant, Michael Hibner, to the order of the defendant Guild, and the indorsement and delivery of the note by Guild, for value, and before maturity, to the plaintiff, and that the plaintiff is now the owner and holder of the note. The defendant Hibner, in his answer, without denying any of the allegations of the complaint, sets up certain proceedings, under sections 8, 9 and 10, part 1, title 1, chapter 20, of the Revised Statutes, which title relates to the relief and support of indigent persons, whereby it is averred that the note on which this action was brought was seized as the property of one Burlingame, a person apparently charged with absconding from the town of Ischna, leaving his wife and children liable to become chargeable to the town for their support. The answer then avers that the said seizure was thereafter duly confirmed by the Court of Sessions of the county of Cattaraugus, " whereby the property in said note became vested in the overseer of the poor of said town of Ischna, and is still so vested."

On the trial, after the plaintiff had proved the making of the note, he rested, judgment having been taken against Guild by default.

The defendant's counsel then proceeded to open his defense, " which was that the plaintiff did not own or have any title " to the note in suit, but that the title thereto was vested in B. H. Osgood, overseer of the poor of the town of Ischna, by virtue of proceedings under the statute aforesaid, and offered to prove all the proceedings necessary to vest the title in said overseer as required by the statute aforesaid. And thereupon the justice holding the said Circuit held and decided that such facts if proved would constitute no defense, and directed a verdict for the plaintiff for the amount of the note, and the defendant excepted to the ruling.

The offer of proof did not contain any offer to impeach the title of the plaintiff as indorsee of the note in suit, otherwise than by proof of such proceedings taken under the statute, nor to show that the note ever belonged to Burlingame in the answer named, or to controvert in any manner the allegation that the note was

indorsed to the plaintiff for value before maturity, or to impeach the good faith of the plaintiff as the holder of the note. We think the ruling of the justice at the Circuit was correct; that the answer did not set up any defense to the action, and that the facts therein alleged were, by themselves, and so far as the statement of the defendant's counsel on his opening went, wholly immaterial. That the plaintiff was the indorsee and legal holder of the note was admitted by the pleadings. The defendant owes the debt. It does not appear that the said Osgood as overseer claims the note, and it will be time enough to determine whether any other person than he, whom the pleadings admit to hold the legal title, has any claim to the note or its proceeds when such person shall present such claim. (See *Hays* v. *Southgate*, 10 Hun, 511; *City Bank of New Haven* v. *Perkins*, 29 N. Y., 554; *Eaton* v. *Alger*, 47 N. Y., 343.

The judgment should be affirmed.

Present—TALCOTT, P. J.. SMITH and HARDIN, JJ.

Judgment affirmed.